AO 108 (Rev. 01/09)  Application for a Warrant to Seize Personal Property Subject to Civil Forfeiture

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>Up to $475,268.00 held in the name of Jae Woon<br>Hong, Yorktown Coin Laundry & Food Mart at North<br>Valley Bank Account # 56051 | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  11-MC-0005-CBS

## APPLICATION FOR A WARRANT
## TO SEIZE PERSONAL PROPERTY SUBJECT TO CIVIL FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of _____ Colorado _____ is subject to forfeiture to the United States of America under ___31___ U.S.C. § ____5317____ *(describe the property)*:

Up to $475,268.00 held in the name of Jae Woon Hong, Yorktown Coin Laundry & Food Mart at North Valley Bank Account # 56051

The application is based on these facts:

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached affidavit which is continued on the attached sheet and made a part hereof.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Travis Starr, SA Dept. Homeland Security
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___1/18/11 at 11:00am___

City and state: ___Denver Colo___

_____
*Judge's signature*

Craig B. Shaffer, United States Magistrate Judge
*Printed name and title*

Affidavit in Support of Application for Seizure Warrant

I, Travis Starr, after being duly sworn, depose and state as follows:

1.    I have been employed as a Special Agent with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") since May 2010. I am currently assigned to the ICE Office of the Special Agent in Charge, Denver, Colorado, Financial Investigations Group. I was previously employed as a Special Agent with the DHS, United States Secret Service for nine years. I attended six months of training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. Over the past nine years, I have conducted or assisted in the investigation of numerous suspected violations of financial fraud.

2.    This affidavit supports application for a seizure warrant and a seizure warrant for all monies and other things of value up to $475,268.00 contained in subject account number 56051, in the name of Jae Woon Hong ("Hong'), Yorktown Coin Laundry & Food Mart at North Valley Bank, Thornton, CO. Probable cause exists to believe that such monies are subject to seizure and forfeiture to the United States pursuant to Title 31 U.S.C. § 5317, on the grounds that they constitute property involved in, or traceable to, or identical to deposits structured to avoid currency reporting requirements, in violation of Title 31 U.S.C. § 5324(a).

### Currency Transaction Reports and Structuring

3.    Title 31 U.S.C. § 5313 and 31 C.F.R. Part 103 of the Bank Secrecy Act ("BSA") require any financial institution that engages with a customer in a currency transaction (i.e. a deposit or withdrawal) in excess of $10,000.00 to report that transaction to the Internal Revenue Service on Form 104, Currency Transaction Report ("CTR"). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000.00 during any one business day.

4.    CTRs are often used by law enforcement to uncover a wide variety of illegal activities including tax evasion and money laundering. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps

1

to cause financial institutions to fail to file CTRs. The active steps are referred to as "structuring" or "smurfing" and involve making multiple cash deposits, in amounts less than $10,000.00, to multiple banks and/or branches of the same bank on the same day or consecutive days or within a few days of each other. Structuring is prohibited by Title 31 U.S.C. §5324(a)(1) and (3).

5.      Based on my training and experience, I also know that when individuals routinely make cash deposits around $9,000 within a short period of time, they often are breaking a larger amount of money into separate deposits of amounts of less than $10,000.00 to avoid triggering the filing of a CTR. When they do this, they are engaging in structuring. Based on the facts of this case, discussions with other agents, and in light of my training and experience, I believe that authorized signor Hong did not deposit all the cash he had into the Yorktown Coin Laundry & Food Mart bank account when the cash was actually acquired. Rather, it appears that Hong has acquired sums of cash, and then structured it into the subject account in amounts of $10,000.00 or less so that it would not trigger the filing of a CTR.

Yorktown Coin & Laundry Food Mart

6.      According to North Valley Bank personnel and public database records, Hong is the owner of Yorktown Coin & Laundry Food Mart located at 7855 York Street, Thornton, Colorado 80229. Hong has been operating Yorktown Coin Laundry & Food Mart since approximately June 2000.

Yorktown Coin Laundry & Food Mart Bank Account

7.      According to North Valley Bank records, on June 2, 2000, North Valley Bank business checking account number 56051 was opened in the name of Jae Woon Hong, Yorktown Coin Laundry and Food Mart. According to the account opening document, Hong was the only person listed to conduct transactions for business checking account number 56051. In April 2002, North Valley Bank personal checking account number 2080616 was opened in the name of Jae Woon Hong and Yim Sook Hong.

Structuring into Yorktown Coin Laundry & Food Mart Bank Account

8.      On July 8, 2002, Hong made a single cash deposit of $10,200 into North Valley Bank account number 56051 generating a CTR, indicating Hong is aware of CTR filing requirements.

9.      According to North Valley Bank personnel on August 8, 2005, Hong came into the Thornton Branch located at 9001 North Washington, Thornton, CO, to make deposits into his business and personal account. Hong conducted the deposit into his business account which included $9,373.00 in cash. Hong then provided the teller a deposit for his personal bank account which included $2,280.00 in cash. The teller made the deposit and had to complete the CTR form. The teller requested assistance from the teller supervisor, with help filling out the required information for the form. Hong inquired why the teller needed the information; however, before they could explain Hong stated he knew what the teller supervisor was doing and that he would make the personal deposit the following day. The currency was provided back to Hong and he departed. According to North Valley Bank records, on August 10, 2005, a currency deposit for $2280.00 was made into Hong's personal bank account, number 2080616.

10.     From November 19, 2007 through November 15, 2010, cash deposits into the Yorktown Coin Laundry & Food Mart bank account at North Valley Bank have been near but not over the $10,000.00 currency threshold. Indeed, the majority of the 177 cash deposits made on approximately a weekly basis were at or above $9,800.00, but never over $10,000.00. These deposits totaled $1,585,628.25.

11.     This pattern can be seen in "Exhibit 1," attached to this affidavit, which shows 49 cash deposits into the Yorktown Coin Laundry & Food Mart bank account at North Valley Bank from January 4, 2010, to November 15, 2010, totaling $475,268.00. As demonstrated by "Exhibit 1," the pattern of deposits for Jae Woon Hong, Yorktown Coin Laundry & Food Mart has been to make multiple cash deposits on consecutive days, within a few days, or a week apart of each other. This gives the appearance that more than $10,000.01 in cash was available to deposit and a portion of the cash was held back or conducted into separate accounts in order to avoid the CTR reporting requirements. As such, these transactions constitute structuring. A complete list of structured transactions for the past twelve months is attached as Exhibit "1."

12.    In approximately July 2010, according to North Valley Bank personnel, a commercial teller physically handed Hong a pamphlet after he conducted a deposit. This pamphlet was produced by the Financial Crimes Enforcement Network (FinCEN) and explained the federal law requiring financial institutions to file a CTR for cash or coin deposits over $10,000 in a single day.  The pamphlet also explained structuring and provided examples of structuring, as well as the fact that structuring is a crime. Even after Hong received this pamphlet, the pattern of depositing amounts under $10,000.01 continued.

13.    As of January 18, 2011, your affiant is aware that the current balance for North Valley Bank account number 56051 is approximately $13,436.84.

Conclusion

14.    Title 31, United States Code, section 5317(c)(2) provides for the civil forfeiture of any property involved in a structuring violation of Title 31, United States Code, 5324 in accordance with the procedures governing civil forfeitures pursuant to Title 18, United States Code, Section 981(b).

15.    Further, 18 U.S.C. Section 984 provides that the government need not identify the specific property involved in an offense that is the basis for the forfeiture if the property involved is funds deposited into a financial account when the forfeitable funds were placed into that account within the prior year.

16.    In light of the above, there is probable cause to believe that all monies and other things of value contained in account number 56051 at North Valley Bank up to $475,268.00, constitute property involved in or traceable to violations of Title 31 U.S.C. § 5324 and, as such, are subject to seizure and forfeiture pursuant to Title 31 U.S.C. § 5317.

17.    Therefore, I request the issuance of a seizure warrant based on the forfeiture provisions of Title 31 U.S.C. § 5317 pursuant to Title 18, United States Code, Section 981(b).

FURTHER THIS AFFIANT SAYETH NOT.


Travis Starr
Special Agent, DHS-ICE

Subscribed and sworn before me this _____ day of January, 2011.


UNITED STATES MAGISTRATE JUDGE

5

# Exhibit 1

## Cash Deposits for Yorktown Coin Laundry & Food Mart - North Valley Bank

| Date | Account # | Transaction | Branch | Time | Amount |
|---|---|---|---|---|---|
| 1/4/2010 | 56051 | Csh In | Thornton | 11:01a | 9,210.00 |
| 1/11/2010 | 56051 | Csh In | Thornton | Illegible time | 9,800.00 |
| 1/19/2010 | 56051 | Csh In | Thornton | 1032a | 9,775.00 |
| 1/25/2010 | 56051 | Csh In | Thornton | 1126a | 9,920.00 |
| 2/1/2010 | 56051 | Csh In | Thornton | 1137a | 9,950.00 |
| 2/8/2010 | 56051 | Csh In | Thornton | 1113a | 9,940.00 |
| 2/16/2010 | 56051 | Csh In | Thornton | 1122a | 9,850.00 |
| 2/22/2010 | 56051 | Csh In | Thornton | 1120a | 9,900.00 |
| 3/1/2010 | 56051 | Csh In | Thornton | 1054a | 9,930.00 |
| 3/8/2010 | 56051 | Csh In | Thornton | 1033a | 9,990.00 |
| 3/9/2010 | 56051 | Csh In | Thornton | 1003a | 7,920.00 |
| 3/15/2010 | 56051 | Csh In | Thornton | 1007a | 9,950.00 |
| 3/22/2010 | 56051 | Csh In | Thornton | 1139a | 9,940.00 |
| 3/29/2010 | 56051 | Csh In | Thornton | 1028a | 9,950.00 |
| 4/5/2010 | 56051 | Csh In | Thornton | 1053a | 9,755.00 |
| 4/8/2010 | 56051 | Csh In | Thornton | 959a | 8,300.00 |
| 4/16/2010 | 56051 | Csh In | Thornton | 1150a | 9,455.00 |
| 4/19/2010 | 56051 | Csh In | Thornton | 203p | 9,778.00 |
| 4/26/2010 | 56051 | Csh In | Thornton | 1236p | 9,900.00 |
| 5/3/2010 | 56051 | Csh In | Thornton | 1025a | 9,760.00 |
| 5/10/2010 | 56051 | Csh In | Thornton | 1116a | 9,580.00 |
| 5/17/2010 | 56051 | Csh In | Thornton | 1236p | 9,590.00 |
| 5/24/2010 | 56051 | Csh In | Thornton | 1106a | 9,820.00 |
| 6/1/2010 | 56051 | Csh In | Thornton | 1245p | 9,981.00 |
| 6/7/2010 | 56051 | Csh In | Thornton | 118p | 9,920.00 |
| 6/14/2010 | 56051 | Csh In | Thornton | Illegible time | 9,670.00 |
| 6/17/2010 | 56051 | Csh In | Thornton | 1030a | 9,350.00 |
| 6/21/2010 | 56051 | Csh In | Thornton | 1142a | 9,830.00 |
| 6/28/2010 | 56051 | Csh In | Thornton | 1050a | 9,870.00 |
| 7/6/2010 | 56051 | Csh In | Thornton | Illegible time | 9,920.00 |
| 7/12/2010 | 56051 | Csh In | Thornton | 1133a | 9,942.00 |
| 7/19/2010 | 56051 | Csh In | Thornton | 113p | 9,973.00 |
| 7/26/2010 | 56051 | Csh In | Thornton | 1200p | 9,980.00 |
| 8/9/2010 | 56051 | Csh In | Thornton | 1105a | 9,960.00 |
| 8/16/2010 | 56051 | Csh In | Thornton | Illegible time | 9,860.00 |
| 8/23/2010 | 56051 | Csh In | Thornton | 1154a | 9,940.00 |
| 8/30/2010 | 56051 | Csh In | Thornton | Illegible time | 9,930.00 |
| 9/7/2010 | 56051 | Csh In | Thornton | Illegible time | 9,950.00 |
| 9/13/2010 | 56051 | Csh In | Thornton | 1113a | 9,650.00 |
| 9/21/2010 | 56051 | Csh In | Thornton | 503p | 9,500.00 |
| 9/27/2010 | 56051 | Csh In | Thornton | Illegible time | 9,990.00 |
| 10/4/2010 | 56051 | Csh In | Thornton | 1246p | 9,935.00 |

| Date | Account # | Transaction | Branch | Time | Amount |
|---|---|---|---|---|---|
| 10/12/2010 | 56051 | Csh In | Thornton | Illegible time | 9,990.00 |
| 10/15/2010 | 56051 | Csh In | Thornton | Illegible time | 6,950.00 |
| 10/18/2010 | 56051 | Csh In | Thornton | 151p | 9,960.00 |
| 10/25/2010 | 56051 | Csh In | Thornton | 1055a | 9,960.00 |
| 11/1/2010 | 56051 | Csh In | Thornton | 1058a | 9,855.00 |
| 11/8/2010 | 56051 | Csh In | Thornton | 1154a | 9,980.00 |
| 11/15/2010 | 56051 | Csh In | Thornton | 1214p | 9,459.00 |

475,268.00